FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 MAR -9 PM 2:50

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,

    Plaintiff,

vs.

CASE NO: 6:17-CV-433-DRL-37-TBS

RICHARD MCKENZIE & SONS, INC. and
HERMANNS REAL ESTATE VENTURES, LLC

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("Travelers") sues RICHARD MCKENZIE & SONS, INC. ("McKenzie") and HERMANNS REAL ESTATE VENTURES, LLC ("Hermanns"), and alleges:

### NATURE OF ACTION

1. This is an action for declaratory relief under 28 U.S.C. § 2201 to determine whether there was "property damage" under a general liability policy. Hermanns sued McKenzie for economic damages and equitable relief for breaching their contract regarding the control and management of Hermanns's citrus groves. Hermanns and McKenzie eventually colluded with one another, entering into a stipulated judgment for the exorbitant amount of $2,969,750.

### JURISDICTION AND VENUE

2. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this district because all defendants reside in this district. 28 U.S.C. § 1391(b)(1). Moreover, a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2). Specifically, the underlying maintenance contract was

entered into in this district, the underlying lawsuit is pending in this district, and the collusive and unreasonable stipulated judgment was entered into in this district.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. Travelers is a Connecticut corporation with its principal place of business in Connecticut. For this lawsuit, Travelers issued five general liability policies to McKenzie.

6. McKenzie is a Florida corporation with its principal place of business in Florida. McKenzie is a defendant in the underlying action and was responsible for controlling and maintaining Hermanns's farm.

7. Hermanns is a limited liability company with its principal place of business in Florida. Upon information and belief, all of the members and managers of Hermanns are citizens of Florida. Hermanns sued McKenzie in the underlying action.

## COMMON ALLEGATIONS

8. ***THE ECONOMIC DAMAGES LAWSUIT:*** Hermanns filed suit against McKenzie in circuit court in Polk County, Florida in an action bearing Case No. 2015CA-495. A copy of the original complaint is attached as Exhibit "A."

9. Hermanns alleged it had an annual maintenance contract with McKenzie for its citrus trees in Bartow, Florida. McKenzie was essentially responsible for controlling and maintaining Hermanns's groves.

10. The contract renewed annually, beginning in 2010 and continuing through December 22, 2014, which is when Hermanns allegedly terminated McKenzie after discovering that McKenzie was charging for work unperformed and materials and plants unfurnished, as well as underreported harvest revenues.

11. Count I was for breach of contract. Hermanns demanded its lost profits. Count II

was for an equitable accounting. Hermanns alleged it was overbilled under the enduring contract for the management, maintenance, and harvesting of its citrus groves. Count III was for breach of fiduciary duty. Hermanns alleged that it was overbilled for maintenance, labor and materials and McKenzie was not remitting the full balance of revenues generated from the harvests.

12. ***THE AMENDED COMPLAINT:*** After McKenzie answered the complaint, Hermanns moved for leave to amend. Hermanns's motion was unopposed. A copy of the amended complaint is attached as Exhibit "B."

13. McKenzie never forwarded Hermanns's motion for leave to amend to Travelers.

14. McKenzie never forwarded Hermanns's amended complaint to Travelers.

15. The amended complaint is materially identical to the initial complaint, but merely added a Count IV for "negligence."

16. ***THE STIPULATED JUDGMENT:*** On February 23, 2016, counsel for Hermanns wrote to Travelers. Hermanns's counsel advised Travelers for the first time that McKenzie decided to enter into a stipulated judgment, but only on Count IV of the amended complaint. A copy of the letter is attached as Exhibit "C."

17. Hermanns's counsel notified Travelers that the amount of the consent judgment was for $2,965,750 and demanded payment within fifteen days.

18. McKenzie never notified Travelers that it was engaged in settlement discussions with Hermanns.

19. McKenzie never notified Travelers that it settled with Hermanns.

20. Travelers never consented to the settlement between McKenzie and Hermanns.

21. ***THE TRAVELERS POLICIES:*** Pertinent to this dispute, Travelers insured McKenzie under a series of general liability policies, effective from 01/11/2009 through

01/11/2014. Travelers did not insure McKenzie after 01/11/2014. Copies of the five policies are attached as Exhibits "D," "E", "F," "G," and "H."

22.     In pertinent part, the policies principally consist of Form CG 00 01 10 01, which includes these provisions:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**SECTION I – COVERAGES COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

   (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b.  This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2) The "bodily injury" or "property damage" occurs during the policy period; and

   (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

 c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

 d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

  (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

  (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

  (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2.**  **Exclusions**

This insurance does not apply to:

 **a.** **Expected Or Intended Injury**

  "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property. …

 **j.** **Damage To Property**

  "Property damage" to: …

  (1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

  (2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

  (3) Property loaned to you;

  (4) Personal property in the care, custody or control of the insured;

  (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

> **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days.
>
> A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits Of Insurance.
> Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.
>
> Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement. …
>
> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products completed operations hazard".
>
> **k.  Damage To Your Product**
>
> "Property damage" to "your product" arising out of it or any part of it.
>
> **l.  Damage To Your Work**
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products completed operations hazard". This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.
>
> **m.  Damage To Impaired Property Or Property Not Physically Injured**
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> > **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
> >
> > **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.[1] …

---

[1] The policies include an endorsement Form FL T9 05 06 01 for Farm Care-Taker Liability Coverage, which is not implicated.

**SECTION III – LIMITS OF INSURANCE**

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of: a. Insureds; b. Claims made or "suits" brought; or c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c. Damages under Coverage B.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard". ...

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of: a. Damages under Coverage A; and b. Medical expenses under Coverage C because of all "bodily injury" and "property damage" arising out of any one "occurrence". ...

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance. ...[2]

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS ...**

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and
      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

---

[2] *See also* Form CG T3 33 11 03, Limitation of Coverage When Two Or More Policies Apply.

 **b.** If a claim is made or "suit" is brought against any insured, you must:

  **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

  **(2)** Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

 **c.** You and any other involved insured must:

  **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

  **(2)** Authorize us to obtain records and other information;

  **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

  **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

 **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent. ...

**SECTION V – DEFINITIONS ...**

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

 **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

 **b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

 **a.** The repair, replacement, adjustment or removal of "your product" or "your work"; or

 **b.** Your fulfilling the terms of the contract or agreement. ...

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. ...

**17.** "Property damage" means:

 **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment. ...

**21.**    "Your product":

**a.**    Means:

    **(1)**    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        **(a)**    You;

        **(b)**    Others trading under your name; or

        **(c)**    A person or organization whose business or assets you have acquired; and

    **(2)**    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.**    Includes

    **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **(2)**    The providing of or failure to provide warnings or instructions.

**c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.**    "Your work":

**a.**    Means:

    **(1)**    Work or operations performed by you or on your behalf; and

    **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

**b.**    Includes

    **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

    **(2)**    The providing of or failure to provide warnings or instructions.

## COUNT I – NO COVERAGE UNDER THE INSURING AGREEMENT

23. Travelers repeats paragraphs 1 through 22 here.

24. Under the Insuring Agreement for Coverage A Bodily Injury and Property Damage Liability, Travelers has no duty to defend or indemnify McKenzie for the original complaint, the amended complaint, or the stipulated judgment.

25. As required for coverage to exist under the Insuring Agreement, there was no "property damage" caused by an "occurrence."

26. To the extent there was any "property damage," it did not occur during the Travelers policy periods.

27. There is also no coverage to the extent that McKenzie knew prior to the policy periods that "property damage" occurred in whole or in part.

28. Travelers accordingly has no duty to defend or indemnify McKenzie.

## COUNT II – NO COVERAGE UNDER EXCLUSIONS

29. Travelers repeats paragraphs 1 through 22 here.

30. Under the Exclusions for Coverage A Bodily Injury and Property Damage Liability, Travelers has no duty to defend or indemnify McKenzie for the original complaint, the amended complaint, or the stipulated judgment.

31. Travelers owes no coverage based on Exclusion a. Expected Or Intended Injury.

32. Travelers owes no coverage based on Exclusion j. Damage To Property.

33. Travelers owes no coverage based on Exclusion k. Damage To Your Product.

34. Travelers owes no coverage based on Exclusion l. Damage To Your Work.

35. Travelers owes no coverage based on Exclusion m. Damage To Impaired Property Or Property Not Physically Injured.

36. Travelers accordingly has no duty to defend or indemnify McKenzie.

### COUNT II – NO COVERAGE BASED ON BREACH OF GENERAL LIABILITY CONDITIONS

37. Travelers repeats paragraphs 1 through 22 here.

38. Under the Commercial General Liability Conditions, Travelers has no duty to defend or indemnify McKenzie for the original complaint, the amended complaint, or the stipulated judgment.

39. Travelers owes no coverage because McKenzie failed to comply with Condition 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit.

40. More specifically, McKenzie never forwarded Hermanns's amended complaint to Travelers, McKenzie never notified Travelers that it was engaged in settlement discussions with Hermanns, McKenzie never notified Travelers that it settled with Hermanns, and Travelers never consented to the settlement between McKenzie and Hermanns.

41. Travelers accordingly has no duty to defend or indemnify McKenzie.

### COUNT III – THE STIPULATED JUDGMENT IS COLLUSIVE AND UNREASONABLE

42. Travelers repeats paragraphs 1 through 22 here.

43. There is no coverage for the stipulated judgment because it was entered through collusion between McKenzie and Hermanns.

44. There is also no coverage for the stipulated judgment because the amount is unreasonable.

45. Travelers accordingly has no duty to defend or indemnify McKenzie.

### COUNT IV – ALTERNATIVELY, THE TOTAL COVERAGE UNDER THE TRAVELERS POLICIES IS THE EACH OCCURRENCE LIMIT OF $1,000,000

46. Travelers repeats paragraphs 1 through 22 here.

47. To the extent there is any coverage for the stipulated judgment, pursuant to

Section III – Limits Of Insurance, the total available coverage under the Travelers policies is the Each Occurrence Limit of $1,000,000.

## REQUESTED RELIEF

**WHEREFORE,** Travelers respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the policies.

b. Find and declare that under the Insuring Agreement for Coverage A Bodily Injury and Property Damage Liability, Travelers has no duty to defend or indemnify McKenzie for the original complaint, the amended complaint, or the stipulated judgment because:

(1) there was no "property damage" caused by an "occurrence";
(2) any "property damage" did not occur during the Travelers policy periods; and
(3) McKenzie knew prior to the policy periods that any "property damage" had occurred in whole or in part.

c. Find and declare that under the Exclusions for Coverage A Bodily Injury and Property Damage Liability, Travelers has no duty to defend or indemnify McKenzie for the original complaint, the amended complaint, or the stipulated judgment based on:

(1) Exclusion a. Expected Or Intended Injury;
(2) Exclusion j. Damage To Property;
(3) Exclusion k. Damage To Your Product;
(4) Exclusion l. Damage To Your Work; and
(5) Exclusion m. Damage To Impaired Property Or Property Not Physically Injured

d. Find and declare that under the Commercial General Liability Conditions, Travelers has no duty to defend or indemnify McKenzie for the original complaint, the amended complaint, or the stipulated judgment because McKenzie failed to comply with Condition 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit.

e. Find and declare that there is no coverage for the stipulated judgment because it was entered through collusion and the amount is unreasonable.

f. Find and declare, alternative to subsections b. through e., that all coverage for the stipulated judgment under the policies, pursuant to Section III – Limits Of Insurance, is limited to the Each Occurrence Limit of $1,000,000.

g. Award Travelers all costs it incurred to prosecute this action, as well as any other relief that this Court deems equitable, just, and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

_____
**SINA BAHADORAN**
Florida Bar No. 523364
sbahadoran@hinshawlaw.com

2525 Ponce de Leon Blvd.
4th Floor
Miami, Florida 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063